Sedgwick, J.
In the first appeal, the order below must be reversed on the ground that the motion was made before the time to reply or to demur to the counterclaim had expired, it is expedient to hold to the practice of having all the issues in the action joined before noticing such a motion.
The merits of the motion, however, call for some observations. The complaint and answer show that the issues of fact do not relate to a few differences of controlling importance, but in respect to what was the agreement of the parties, each side averring an agreement consisting of many details and provisions, and modified from time to time. In my judgment no *359 special issues could be proved, the verdict as to which by a jury would be of special benefit in' arriving at a judgment as to the rights of the parties. The issues that were proved are so minute and numerous, yet grouped under questions twenty-seven in number that confusion and mistake by a jury may be expected. Under the pleadings and proofs, a court or referee, by protracted attention, might find the plaintiff’s right in part and the defendants right in part, discriminating between material and immaterial allegations, rejecting surplusage and considering the pleadings, as amended, in the proper exigencies. But the special issues are to be propounded to the jury as if they were to answer Yes or No to each question. Perhaps they would have power to answer each question partly Yes and partly No. It would seem impracticable to obtain from the twelve men a unanimous answer to each of these possible modifications and limitations. I am, therefore, of opinion that it appeared to be a case where special issues should not be framed for a jury.
The order appealed from should be reversed, with $10 costs.
Truax and O’Gorman, JJ., concurred.
As to the second appeal, which was from an order denying plaintiff’s motion for a reference, I am of opinion that the court properly exercised its discretion. At any stage in the-case, as it is an equity case to be tried by the court without a jury, when it becomes manifest that a reference will serve the ends of justice the court will direct one. At present, it is expedient that more light should be had as to what is proper to be tried by the court and what by a referee.
The order is affirmed, with $10 costs.
Truax and O’Gorman, JJ., concurred.